UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17cv79-FDW

| | |
|---|---|
| OBADIAH DOCTOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DAVID MITCHELL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff Obadiah Doctor's pro se Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (Doc. No. 2), and Motion for Appointment of Counsel (Doc. No. 3).

The Court has examined Plaintiff's IFP Application, and it appears that he does not have sufficient funds to proceed in this matter. Therefore, the Application shall be granted.

I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina, who, on February 23, 2010, was convicted in Mecklenburg County Superior Court of possession of a firearm by a felon, robbery with a dangerous weapon, conspiracy to commit armed robbery, and speeding to elude arrest.[1] In his Complaint, Plaintiff names as defendants David Mitchell (Superintendent of Lanesboro Correctional Institution), Ken Beaver (Assistant Superintendent of Lanesboro), FNU Haynes

---

[1] This information was obtained from the website maintained by the North Carolina Department of Public Safety, Adult Corrections Division, available at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view.

(physician at Lanesboro), FNU Southernlan (physician's assistant at Lanesboro), Prison Health Services Manager at Lanesboro, and J. Bennett (Superintendent of Programs at Lanesboro).

Plaintiff first alleges that in July 2015, while at Lanesboro, he filled out an "Inmate Reasonable Accommodation Request Form," explaining his physical and mental disabilities and asking to see an outside specialist for pain management, to be provided special shoes and pain medication, and to be placed in a mental health program for control status inmates. (Complaint 3, Doc. 1.) According to the Complaint, Plaintiff was told by his case manager that Defendant J. Bennett denied all of the requests because Plaintiff was on "control" status." (Complaint 3.)

Plaintiff next alleges that he put in numerous sick calls complaining of suffering from "neurasthenic condition, constant irregular bowel movement/burning stomach problems, along with chronic neuromuscular pains and chronic migranes [sic]." (Complaint 3.) However, due to Lanesboro's "historical deliberate indifference and known deficiencies in the sick call system," his pain medication was always allowed to run out, leaving him in pain. (Complaint 3.)

Plaintiff also complains that after waiting for months to see a medical doctor, he became depressed and suicidal "while being on control status and being denied/delayed medical treatment for his serious medical needs." (Complaint 4.) Finally, Plaintiff asserts that he wrote several letters to "the Superintendent," asking to be transferred to Central Prison, where he could get "proper medical care," but he was ignored. (Complaint 4.)

In response to Plaintiff's July 21, 2015 grievance (Pet'r's Ex. A, Doc. No. 1-1), it was explained that Plaintiff had been seen twice by doctors while at Central Prison two months prior, and that Plaintiff had a colonoscopy at an outside medical facility the week after he filed his grievance. It also was noted that Plaintiff had a pending sick call. Plaintiff was advised that if he wished to be transferred to another facility to take advantage of special mental health

programs, he should raise that issue with "mental health." Plaintiff was further advised that the length of stay on restricted status was dependent upon an inmate's behavior. (Step One-Facility Response, Pet'r's Ex. B, Doc. No. 1-1).[2]

Petitioner seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Specifically, Plaintiff seeks a declaration that the acts and omissions described in the Complaint violated his constitutional and federal statutory rights and a permanent injunction requiring Defendants to "start answering grievances in a timely manner," and to change Lanesboro's sick call system to "an efficient one" that runs six days a week for inmates on segregation. Plaintiff also seeks compensation for all of the fees he allegedly incurred for sick calls but did not see a physician's assistant or physician. Finally, he seeks punitive damages in the amount of $250,000.00 from each Defendant.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b)(1).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under

---

[2] The Court finds that consideration of Plaintiff's written grievances and the responses thereto by prison officials are properly considered in determining whether Plaintiff's amended complaint states a claim for relief. See Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

3

Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

In order to survive initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### III. DISCUSSION

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal constitutional law and certain federal statutes. See Maine v. Thibotout, 448 U.S. 1 (1980). An inmate's claims under § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

To state a claim under the Eighth Amendment, an inmate must show that the defendant(s) displayed a "deliberate indifference to [his] serious medical needs." Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

Here, the allegations in Plaintiff's Complaint fail to provide sufficient factual detail to state a claim for relief. As an initial matter, he does not identify the serious medical need at issue. The closest Plaintiff comes is his assertion that after waiting for months to see a medical doctor, he became suicidal while on control status. He fails, however, to identify when this

4

incident occurred, which Defendant(s) actually knew there was a substantial risk of his becoming suicidal but ignored it, or how Defendant(s) knew there was a risk Plaintiff might harm himself.

Additionally, the Complaint's allegations encompass an unspecified period of time. Plaintiff's administrative remedy proceedings began on July 21, 2015, and concluded on October 9, 2015 (Step Three-Grievance Response, Pet'r's Ex. C, Doc. No. 1-1). Plaintiff, however, did not file the instant Complaint until February 21, 2017, and the affidavit he attached in support was executed by him in 2014 (Pet'r's Ex. D, Doc. No. 1-1). Plaintiff accrued fees for at least 24 medical encounters with a nurse, physician's assistant, or physician between April 5, 2012 and November 28, 2016 (Inmate Trust Acct. Stmt. 7-10, IFP Appl., Doc. No. 2), but neither the Complaint nor the grievance identify a specific instance that Plaintiff was denied care.

Furthermore, with the exceptions of Mitchell and Bennett, Plaintiff does not attribute any acts, unconstitutional or otherwise, to any of the defendants in this action. As for Mitchell and Bennett, the allegations of their indifference are nonspecific or contradicted elsewhere in the Complaint or its attachments. For example, one of the grievance responses indicates Plaintiff was seen by three doctors – two at Central Prison and one outside the prison system – between May 11, 2015 and July 27, 2015, which Plaintiff does not deny.

At bottom, Plaintiff's claim is that he needed treatment and accommodations not available to him at Lanesboro. Indeed, his grievance and Complaint refer to his repeated requests to be transferred back to Central Prison, where he believes he can get the medical services he needs and/or wants.[3] Additionally, Plaintiff's affidavit complains that Lanesboro

---

[3] Notably, Plaintiff filed the instant civil action from Central Prison, where he was transferred in 2016. See N.C. Dep't of Public Safety, Offender Public Information, at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view, last checked Feb. 23, 3017.

medical staff never followed his neurosurgeon's recommendation the he attend "pain management" therapy several times a week.

No right exists for a prisoner to dictate the type or scope of medical care he receives. Thus, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

## IV. CONCLUSION

Plaintiff has failed to state an actionable Eighth Amendment claim under § 1983 for "deliberate indifference to [his] serious medical needs." Therefore, his Complaint shall be dismissed, as will his Motion for Appointment of Counsel.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted;

2. Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**; and

3. Petitioner's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED**.

Signed: February 27,

Frank D. Whitney
Chief United States District Judge